IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARILYN FREY, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:11-cv-00318 |
| BRINKER TEXAS, INC. d/b/a CHILI'S GRILL & BAR, | ) ) ) ) | |
| Defendant. | ) | |

**FINAL ORDER APPROVING CLASS
<u>ACTION SETTLEMENT AND JUDGMENT</u>**

On July 2, 2012, the Court conducted a hearing regarding final approval of the Stipulation and Settlement Agreement in the above-entitled cause of action (the "Action"). After reviewing the Stipulation and Settlement Agreement and exhibits thereto (the "Settlement Agreement"), other pleadings filed in application for final approval of the Settlement Agreement, any objections filed and presented to the Court and the parties' responses thereto, and the arguments of counsel, and good cause appearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The defined terms in Paragraph 1 of the Settlement Agreement are applicable for all purposes in this Final Order Approving Class Action Settlement and Judgment (the "Final Order and Judgment");

2. This Court is in favor of the Settlement Agreement;

3. This Court has subject matter jurisdiction over the Action and all parties to this Action including the Class Members as defined in Paragraph 1 of the Settlement Agreement as all persons who from June 2, 2009, through June 2, 2011, purchased food and/or beverages at the

Chili's Bar & Grill Restaurant located at 4800 West Park Boulevard, Plano, Texas 75093 with a credit card or debit card;

4. The Settlement Agreement filed in this Action and the terms set forth therein are hereby found and determined to be fair, reasonable, and adequate and are hereby approved and ordered performed by all the parties;

5. The manner of providing notice specified in Paragraph 10 of the Settlement Agreement fully and accurately informed the Settlement Class of all material elements of the settlement, met the requirements of due process and the applicable Federal Rules of Civil Procedure, and was reasonably calculated to apprise the Class Members of the Action and the Settlement.

6. This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion pursuant to the Court's Order Granting Preliminary Approval of Class Settlement entered by the Court on March 8, 2012;

7. The persons who timely filed valid Requests for Exclusion from the Class (as listed in Exhibit A attached hereto) are, therefore, not bound by this Final Order and Judgment;

8. Plaintiff Marilyn Frey ("Frey") and all Class Members who did not properly request exclusion are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims released under the Settlement Agreement which they had, or have, to the extent provided in the Settlement Agreement;

9. Brinker Texas shall issue Certificates to all Class Members who submitted a valid and timely Claim Form as provided in the Settlement Agreement;

10. Class Counsel's unopposed request for an award of attorneys' fees and costs in the amount of $100,000 is GRANTED, and the Court finds that the amount of this award is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Settlement Action;

11. Brinker Texas is hereby directed to pay Class Counsel this amount as provided in the Settlement Agreement;

12. The Court hereby GRANTS Class Counsel's application for an incentive award to the Frey, in the amount of $2,000.00;

13. This amount is awarded in recognition of the risk to Frey as the Class Representative in commencing the Action, both financial and otherwise; the amount of time and effort spent by Frey as Class Representative; and for serving the public interest;

14. Brinker Texas is hereby directed to pay Frey $2,000.00 as provided in the Settlement Agreement;

15. Solely for purposes of effectuating this settlement, this Court has certified a class of all Settlement Class Members as that term is defined in and by the terms of the Settlement Agreement;

16. With respect to the Settlement Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Settlement Class Members are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Settlement Class Members with respect to the subject matter of the Litigation; (c) the claims of Frey are typical of the claims of the Settlement Class Members; (d) Frey has fairly and adequately protected the interests of the Settlement Class Members; (e) a class action is superior

to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) Class Counsel is qualified to serve as counsel for Frey in her individual and representative capacities and for the Settlement Class;

17. Upon the Effective Date, Frey shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Claims and Unknown Claims, including, without limitation, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the Released Brinker Parties and each of their affiliates, predecessors, successors, divisions, joint ventures and assigns, and each of those entities' past, present, and future owners, parents (including, without limitation, Brinker International, Inc.), directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accounts or auditors, banks of investment banks, associates, personal or legal representatives, that accrued at any time on or prior to the Effective Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information, including, but not limited to the last five digits of the cardholder's account number or the expiration date, upon a receipt provided to the cardholder at the point of sale of the transaction;

18. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as

an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Brinker Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omissions of the Released Brinker Parties in any civil, criminal, or administrative proceeding in any court, regulatory body, administrative agency, or other tribunal;

19. The Released Brinker Parties may file the Settlement Agreement and/or the Final Order and Judgment from this Action in any other litigation or administrative or regulatory proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusions or issue preclusion or similar defense or counterclaim;

20. Neither this Settlement Agreement nor this Final Order and Judgment will result in the creation of any unpaid residue or residual;

21. The Court reserves exclusive and continuing jurisdiction over the Action, the Class Representative, the Settlement Class, and Brinker for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Final Order and Judgment;

22. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure; and

23. The Court shall retain jurisdiction over this Action and over the Parties personally until final performance of the Settlement Agreement.

IT IS SO ORDERED.
**SIGNED this 2nd day of July, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

5